**Melvyn Jack ROSENWALD, Petitioner–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 88–3478.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 1990.*

Decided April 2, 1990.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.

Melvyn J. Rosenwald, P.O. Box 1000, Tallahassee, Fla., pro se.

Frederick J. Hess, U.S. Atty., Stephen B. Clark, Asst. U.S. Atty., East St. Louis, Ill., for U.S.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Melvyn Rosenwald pleaded guilty to a charge of aiding and abetting the distribution of cocaine in the Southern District of Illinois. On September 8, 1986, Chief Judge Foreman sentenced him to ten years in prison to be followed by three years of special parole. The sentence was to run concurrently with a sentence of the same length imposed for narcotics activity in the Southern District of Florida. Rosenwald now attacks his Illinois conviction and sentence in a motion under 28 U.S.C. § 2255. He alleges that he was denied the effective assistance of counsel in that his attorney, Ellis S. Simring, knowingly gave him false information as to the magnitude of the sentence he could expect in order to encourage Rosenwald to plead guilty. Simring did this, Rosenwald charges, because Simring was simultaneously performing legal work on an unrelated civil matter for Rostyslaw Kindratiw, the government's chief witness against Rosenwald, and because Simring wished to avoid having to cross-examine his own client. The district court denied Rosenwald's motion, holding

that Rosenwald had shown no prejudice from his counsel's alleged misdeeds. Rosenwald filed a timely notice of appeal to this Court.

Rosenwald's argument is in two related parts. First he argues that the conflict of interest under which Simring labored deprived Rosenwald of the effective assistance of counsel, and that because of the conflict, the representation he received was adversely affected. Second, he argues that even without reference to the conflict of interest, Simring's misinformation alone made his representation constitutionally inadequate.

■■■ We note at the outset that Rosenwald failed to raise these matters by direct appeal from his conviction. This bars consideration of the issues on a motion under § 2255 unless cause for the procedural default and prejudice arising from it are shown. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Norris v. United States*, 687 F.2d 899 (7th Cir.1982); *Williams v. United States*, 805 F.2d 1301 (7th Cir.1986), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987). Rosenwald's § 2255 motion alleges ineffective assistance of counsel, and ineffective assistance, if established, constitutes cause for a default under *Frady*. *Murray v. Carrier*, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). Where the ineffectiveness of counsel is predicated on a conflict of interest and the trial court is made aware of the conflict, prejudice is presumed if the attorney "actively represented conflicting interests." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), *quoting Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Even if the trial court is not notified at trial of the conflict, the movant is still not required to make the full showing of prejudice usually required under *Strickland* (i.e., that it is more likely than not that the outcome of the proceeding would have been different had the attorney acted properly), but needs only to show that an "actual conflict of interest adversely affected his lawyer's

performance." *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067; *United States v. Horton*, 845 F.2d 1414, 1418 (7th Cir.1988); *Walberg v. Israel*, 766 F.2d 1071, 1075 (7th Cir.), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985). Because Rosenwald never raised the conflict before his conviction, he must show an actual conflict of interest and an adverse effect of that conflict on the representation he received.

■■■ The district court, without affording an evidentiary hearing and without reaching the cause component of the *Strickland* standard, found that Rosenwald had not shown any prejudice arising from Simring's representation of the government's witness. The district court wrote:

> Simring's representation of Kindratiw in unrelated civil matters was not so fraught with the danger of dividing counsel's loyalties as to justify a present finding of a sixth amendment violation as a result of conflicting interests. Petitioner has not set forth any facts demonstrating that Simring decided not to pursue a possible defense or misinformed petitioner because of his representation of Kindratiw. Furthermore, petitioner never went to trial and Kindratiw did not appear at petitioner's sentencing hearing. Hence, Simring's representation of Kindratiw on unrelated civil matters did not prejudice his representation of the petitioner.

The district court may have believed that the civil nature of Simring's representation of Kindratiw made the conflict less onerous. We disagree with that proposition. The pragmatic pressure on counsel in cases such as these is purely financial—the lawyer does not want to lose a client whether that client is seeking advice on civil or on criminal matters. The ethical dilemma is also the same—the attorney must still guard secrets and confidences and must seek to promote the client's interests whether the client is being represented in a civil or a criminal matter. *See* ABA Model Code of Professional Responsibility, DR 4–101, EC 4–5 and n. 7 (confidentiality), DR 5–101(A), EC 5–14, 5–15, 5–16 (conflict of interest); ABA Model Rules of Profession-

al Conduct Rule 1.6(a) (confidentiality), 1.7(b) (conflict of interest). The fact that the simultaneous representation is on a civil matter makes no difference in the conflict of interest inquiry. *See Castillo v. Estelle*, 504 F.2d 1243, 1245 (5th Cir.1974).

We also disagree with the district court's ruling that the fact that Rosenwald did not go to trial undermined his allegations of prejudice. If Simring took steps in advance of trial to avoid having to cross-examine Kindratiw, Rosenwald was nonetheless the victim of Simring's divided loyalties. *Holloway v. Arkansas*, 435 U.S. 475, 490, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978); *United States v. Marrera*, 768 F.2d 201, 207 (7th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 321 (1986) (review of counsel's performance includes actions not taken at trial). The record before us does not conclusively establish that Simring's representation of Rosenwald was unaffected by his relationship with Kindratiw.

An evidentiary hearing should be granted when there are important issues of fact which were not adequately developed at trial, the failure to develop the facts was not due to the defendant's neglect or deliberate bypass, and the record does not conclusively demonstrate that the petitioner is entitled to no relief. *See Tucker v. Kemp*, 776 F.2d 1487, 1491 (11th Cir.1985), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3340, 92 L.Ed.2d 743 (1986); 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* ... grant a prompt hearing thereon....") (emphasis supplied). If the facts alleged in Rosenwald's motion are true, he is entitled to relief. Rosenwald's motion are true, he is entitled to relief. Rosenwald alleged that Simring simultaneously represented Kindratiw, and he alleged that because of that simultaneous representation, Simring gave bad advice he would not otherwise have given. These are serious charges indeed, and they are not clearly belied by the record. On the contrary, the record contains ample corroboration of the fact that Simring was simultaneously representing Kindratiw, and that Simring advised Rosen-

wald to plead guilty. Rosenwald was not able to make a record on his counsel's conflict of interest at the time of the original proceeding because he did not know of the conflict, and because the proceeding was not allowed to progress to the point at which Simring would have been required to cross-examine his client Kindratiw. Rosenwald's failure to develop the record is not blameworthy.

■■■ A defendant has a right to conflict-free counsel, *Dean v. Duckworth*, 748 F.2d 367, 369 (7th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 335 (1985), and a waiver of that Sixth Amendment right must be knowing and intelligent. *See United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1179–81 (7th Cir.1983), *cert. denied*, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). There cannot have been a knowing waiver if Rosenwald was not aware of the conflict. An evidentiary hearing is necessary to determine whether Simring's representation of Rosenwald was influenced by his desire to protect his relationship with Kindratiw.

■■ If after an evidentiary hearing it is found that Simring's representation of Rosenwald was not adversely affected in any way by the simultaneous representation of Kindratiw, Rosenwald must meet the ordinary *Strickland* standard of prejudice. He must show that, but for counsel's errors, the outcome of the proceeding would probably have been different. Beyond the multiple representation, Rosenwald claims that Simring provided constitutionally inadequate assistance by misrepresenting the amount of time Rosenwald would have to serve if he pleaded guilty. Rosenwald does not suggest, however, that the outcome of the proceeding would have differed had he been correctly informed. Rosenwald has not argued that he is in fact innocent of the charges to which he pleaded guilty. Although he makes brief mention (for the first time in this Court) of a possible "chain of custody" defense, it is not at all probable that he would have been acquitted after a full trial, nor is it probable that he would

have received a shorter sentence after a conviction. Although the improper advice Rosenwald alleges Simring gave would constitute an "adverse effect" on the representation if prompted by the simultaneous representation of Kindratiw, it would not create prejudice under the normal *Strickland* standard. If Simring's representation of Rosenwald was not affected by the simultaneous representation of Kindratiw, then Rosenwald is not entitled to relief.

This case must be remanded for an evidentiary hearing to determine whether Simring's representation of Rosenwald was adversely affected by the simultaneous representation of Kindratiw.

REVERSED AND REMANDED.