921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank G. WHITE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3561.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 21, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 I.
 
 2
 Pro se petitioner, Frank G. White, pled guilty to possession of narcotics with intent to distribute, 21 U.S.C. Sec. 841(a)(1), racketeering, 18 U.S.C. Sec. 1962(c), and obstruction of justice, 18 U.S.C. Sec. 1503. On January 15, 1987, the district court sentenced White to thirteen years in prison. On May 23, 1989, he petitioned the district court under 28 U.S.C. Sec. 2255 to vacate his sentence on two grounds: 1) that the government breached its agreement not to use information that White provided in debriefings conducted by the FBI; and 2) that his counsel rendered ineffective assistance by not objecting to such information in the presentence report. White did not raise these issues on direct appeal. The district court found that White failed to show that he was prejudiced by the failure to raise them earlier under the cause and prejudice test of United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 3
 On appeal White alleges that the district court wrongly denied his section 2255 petition.[1] He argues that he satisfies the prejudice prong of Frady because: 1) he received ineffective assistance of counsel when his counsel did not object to information in the presentence report given under a grant of immunity; 2) the court relied on erroneous information in the presentence report; and 3) the United States Parole Commission and the Bureau of Prisons are using erroneous information from the presentence report in his parole consideration.
 
 II.
 
 4
 Because White did not raise his issues at the sentencing hearing or on direct appeal, White's section 2255 petition had to demonstrate " 'cause' excusing his double procedural default, and ... 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68. White first alleges that he was denied effective assistance of counsel. "[I]neffective assistance of counsel, if established, constitutes cause for a default under Frady. " Rosenwald v. United States, 898 F.2d 585 (7th Cir.1990). The Supreme Court has created a two-prong test for analyzing an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under this test the petitioner must "affirmatively establish that counsel's performance was both constitutionally deficient and that the deficiency prejudiced the outcome of the trial." Harris v. Reed, 894 F.2d 871 (7th Cir.1990).
 
 
 5
 The same judge that presided over the trial and the sentencing heard White's habeas petition. The district court examined the twelve facts in the sentencing memorandum that White argued were gleaned from the FBI report and found that the sentencing court either gave no weight to each particular fact or it had knowledge of the fact from other sources.
 
 
 6
 On appeal White is only contesting the district court's analysis of two of the twelve facts, the two that concerned his relationship with the kidnappers, which he ties in with his ineffective assistance of counsel claim. First, White contends that the district court's remark that it knew of his relationship "from other sources" is an admission that the source of the court's knowledge was the FBI report. That is not the only interpretation of the court's statement. Because the purpose of the district court's analysis was to determine whether the sentencing court's knowledge of the facts came from White's discussion with the FBI, it is illogical to conclude that the district court, on the one hand, ruled that White's sentence was not based on the allegedly privileged information and, on the other hand, admitted that it was. By "other sources" the court obviously meant sources other than the FBI report. The government had introduced information obtained through the investigation of the law enforcement officers assigned to the case and statements by the kidnap victims, including an affidavit filed seven months before the discussion between White and the FBI. We are satisfied that the district court did not rely on White's statements to the FBI regarding these facts.
 
 
 7
 Secondly, White alleges that his counsel rendered ineffective assistance by not objecting to these facts at the sentencing hearing. The district court found that because the information that White related to the FBI agent did not influence the sentencing court, White was not prejudiced by it. As the prejudice prong of the Strickland analysis was not satisfied, the district court did not analyze the "cause" prong. We agree that White was not prejudiced by his counsel's failure to object to the inclusion of this information at the sentencing hearing, and therefore it is not necessary to consider whether counsel's performance was deficient.
 
 
 8
 Next, White alleges for the first time on appeal that he was sentenced on the basis of inaccurate information in the presentence report concerning his involvement in the kidnapping. Had White raised this issue below in his section 2255 petition, he would have had to show cause and prejudice for his failure to raise the issue of inaccuracies in the presentence report at the time of sentencing[2] or on direct appeal. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989). However, because White failed to raise this issue in the district court, he has waived his right to present it on appeal. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 110 S.Ct. 1476 (1990).
 
 
 9
 Finally, insofar as White is alleging prejudice on the part of the Parole Commission and the Bureau of Prisons because of their reliance on alleged inaccuracies in the presentence report, he is challenging the execution of the sentence, and this court lacks jurisdiction over his claim under section 2255. Johnson v. United States, 805 F.2d 1284, 1291 (7th Cir.1986). White's recourse is to exhaust his administrative remedies, United States v. Kovic, 830 F.2d 680, 692 (7th Cir.1987), cert. denied, 484 U.S. 1044 (1988), before he is eligible to petition for habeas relief under 28 U.S.C. Sec. 2241 in the district in which he is imprisoned. United States v. Leath, 711 F.2d 119, 120 (8th Cir.1983). Accord, United States v. Mittelsteadt, 790 F.2d 39, 41 (7th Cir.1986). However, we decline to express any opinion on the likelihood of success on that claim.
 
 
 10
 For all of the above reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 In the midst of his argument White states that the district court wrongly denied him a hearing. The district court found that it could avoid a hearing if it determined that White was not prejudiced. As our discussion here indicates, a hearing was not necessary
 
 
 [2]
 White himself had an opportunity to read the presentence report and to object to it at the time of sentencing