927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. FROSCHAUER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3259.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.
Decided Feb. 27, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, Alton Division, No. 89 C 5204, William L. Beatty, Judge.
 S.D.Ill.
 AFFIRMED.
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Charles Froschauer appeals from the denial of his petition for habeas corpus brought pursuant to 28 U.S.C. Sec. 2255. Froschauer was convicted of various charges relating to a drug conspiracy and tampering with witnesses. He is serving a fifty-year sentence. He now challenges his indictment as it relates to two of those charges: conspiracy to use a facility in interstate commerce with the intent that murder be committed in violation of 18 U.S.C. Sec. 1952A and conspiracy to commit a violent crime in aid of racketeering in violation of 18 U.S.C. Sec. 1952B. Specifically Froschauer argues that his indictment violated the ex post facto clause of the Constitution because these two statutes were allegedly not in effect at the time he committed his offenses. His theory is that the individual parts of the Comprehensive Crime Control Act of 1984 were not effective until Congress approved the entire package on November 1, 1987.
 
 
 2
 Froschauer failed to raise this argument at trial or on direct appeal from his conviction. This bars consideration of the issues on a petition under section 2255 unless cause for the procedural default and prejudice arising from it are shown. United States v. Frady, 456 U.S. 152, 168 (1982); Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). Froschauer has made no attempt on appeal to show cause for the default. In his original section 2255 motion he attributed his delay in part to the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361 (1989), which upheld the constitutionality of the Sentencing Guidelines, and in part to his limited prison resources. Neither of these factors establishes cause for failure to raise this issue particularly when he was represented by counsel on direct appeal who raised, with the other co-defendants, eleven arguments in an eighty-page joint brief and chose not to argue this frivolous point.
 
 
 3
 Froschauer has also failed to show prejudice from the indictment. The rule is that the effective date of a statute is its date of enactment, absent an express provision providing for a different effective date. Arnold v. United States, 13 U.S. (9 Cranch) 104, 119 (1815); United States v. Stillwell, 854 F.2d 1045, 1047 (7th Cir.), cert. denied 488 U.S. 973 (1988). Sections 1952A and 1952B were enacted on October 12, 1984 by Public Law 98-473, Title II, Ch. X, Part A at 1002(a) in part, 98 Stat. 2137, well before the events that led to Froschauer's conviction, so that his argument has no merit.
 
 
 4
 For these reasons the denial of his petition for a writ of habeas corpus is
 
 
 5
 AFFIRMED.