932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry L. TROUTMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3053.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 9, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Troutman appeals from the district court's denial of his second petition for post-conviction relief under 28 U.S.C. Sec. 2255. We affirm.
 
 I.
 
 2
 Troutman was convicted in 1983 of two counts of wire fraud, one count of using a fictitious name to perpetrate the scheme, and one count of conspiracy to embezzle. He was sentenced to a six-year term of imprisonment and five years of supervised release. Troutman's conviction was affirmed on direct appeal to this court. United States v. Thomas, 774 F.2d 807 (7th Cir.1985), cert. denied, 475 U.S. 1024 (1986).
 
 
 3
 In January 1986, Troutman filed his first petition for post-conviction relief under Sec. 2255. The district court denied the petition and that denial was affirmed in an unpublished order of this court. Troutman also filed a motion under Rule 35 for reduction of his sentence based upon his cooperation with the government. That motion was granted in part and Troutman's sentence on Count I was reduced by six months.
 
 
 4
 In May 1988, Troutman filed a second Sec. 2255 petition while the appeal from his first post-conviction petition was pending. He amended the petition in October 1988 and again in February 1989. The district court held several evidentiary hearings addressing the various issues raised in the petition, and eventually denied relief on all of the claims. This appeal followed.
 
 II.
 
 5
 In his initial argument on appeal, Troutman asserts that the district court erred in its determination that he had waived his claim of ineffective assistance of counsel as it related to alleged errors in the indictment. Troutman maintains that the indictment attributed an alias to him that he had never used. In addition, Troutman makes numerous objections to the use of the words "he" and "him" in the indictment. Troutman asserts that the representation by both trial and appellate counsel was deficient because each failed to inform the court of the errors in the indictment. As a result, Troutman alleges that incorrect, misleading, and confusing information was placed before the jury. This issue was not raised in the direct appeal of Troutman's conviction; therefore, we cannot reach the issue in a Sec. 2255 motion, unless Troutman can demonstrate cause for the procedural default and prejudice resulting from it. Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990) (citations omitted).
 
 
 6
 Troutman alleges ineffective assistance of counsel in his Sec. 2255 motion. Ineffective assistance of counsel, if proven, constitutes cause for a default. Murray v. Carrier, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46 (1986); Rosenwald, 898 F.2d at 587. We note, however, that Troutman has made no showing of prejudice from the claimed errors in the indictment. In addition, it is difficult to determine how the deficiencies of which Troutman complains could rise to the level of a constitutional violation. At best, Troutman's claims suggest that the wording of the indictment was somewhat confusing. Troutman's argument does little to identify the nature of the error resulting from the indictment. As such, it is wholly insufficient to establish prejudice and we are barred from considering the issue.
 
 III.
 
 7
 Troutman's second issue on appeal is difficult to characterize. He apparently is taking issue with the form of the government's response to his Sec. 2255 motion. Troutman argues that he is entitled to the relief sought in his motion, because the government's response did not comply with the requirements of Rule 5(a) of the Rules Governing Section 2255 Proceedings. This argument does not warrant extended discussion. A review of the record indicates that throughout the proceedings in the district court the government responded to each of the allegations in Troutman's motion, arguing that relief was unwarranted. That is all the government was required to do in its response. There is, therefore, no merit to Troutman's argument that he is entitled to relief because of the inadequacy of the government's response to his Sec. 2255 motion.
 
 IV.
 
 8
 Troutman next alleges that the fourteen-month delay between the filing of his second Sec. 2255 motion and its resolution denied him due process. Troutman relies primarily upon the cases of Glynn v. Donnelly, 470 F.2d 95 (5th Cir.1972) and Dixon v. State of Florida, 388 F.2d 424 (5th Cir.1968) as support for his assertion that inordinate delay in the resolution of his motion requires that this court grant relief on the motion. Dixon is concerned with delay in state proceedings as it relates to the requirement that a habeas petitioner exhaust all available state remedies. Donnelly is concerned with delay in the resolution of a habeas petition and its effect on eligibility for release on bond. Neither case, therefore, supports Troutman's assertion that the delay in this case resulted in the denial of due process.
 
 
 9
 If there had been inordinate, unexplained delay in this case, then it might be appropriate to consider whether it resulted in a due process violation. That is simply not the case in this instance. During the fourteen months that the motion was pending in the district court, the Sec. 2255 motion was amended twice and the court conducted four hearings discussing the claims raised in the motions. The process was rather lengthy, however, much of the time spent can be attributed to Troutman's piecemeal presentation of the issues. The district court proceeded in a logical and orderly fashion in considering the motion. The time-frame of its decision does not implicate due process.
 
 V.
 
 10
 Troutman's next argument on appeal asserts error in the district court's failure to appoint him counsel for his evidentiary hearing. The record reflects that an attorney was appointed for Troutman prior to the filing of the second amended motion. Troutman met with the attorney on one occasion. Thereafter, Troutman filed a motion requesting that the attorney be removed because appointed counsel did not have prior experience in post-conviction proceedings.
 
 
 11
 Troutman relies on Rauter v. United States, 871 F.2d 693, 695 (7th Cir.1989) and Rule 8(c) of the Rules Governing Section 2255 Proceedings as support for the proposition that the district court was required to appoint counsel for Troutman. Troutman is correct in his interpretation that Rule 8(c) mandates that counsel be appointed in the event that an evidentiary hearing is held in the district court. However, contrary to Troutman's assertions, the district court did not violate Rule 8(c) in this instance. The statutory obligation to appoint counsel for Troutman was discharged when the court appointed a competent attorney who was free from any conflict of interest. Troutman elected to request that appointed counsel be removed. At that point, the district court did not have any statutory obligation to appoint another attorney simply on the basis of Troutman's subjective belief that he could represent himself better than the counsel appointed by the court. Under the statute, Troutman was not entitled to counsel of his choice; therefore, there was no violation of the statute. Cf. United States v. Ely, 719 F.2d 902, 904 (7th Cir.1983) ("[T]he government's [Sixth Amendment] obligation is exhausted when the court appoints competent counsel who is uncommitted to any position or interest which would conflict with providing an effective defense.").
 
 VI.
 
 12
 In his fifth issue on appeal, Troutman alleges that the district court erred in not closing the proceedings where his allegation that the government did not fully apprise the court of the extent of his cooperation was to be discussed. Troutman informed the district court that he had received a threat indicating that he should keep quiet or risk injury to himself or his family. As such, he requested that the evidentiary hearing held on the issue be closed. The district court determined that Troutman had not made a sufficient showing to warrant closing the hearing and denied the request.
 
 
 13
 In David K. v. Lane, 839 F.2d 1265, 1276 (7th Cir.1988), this court noted that closure of proceedings is permitted "only where such closure is essential to preserve 'higher values' and is narrowly tailored." (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 3-4, 106 S.Ct. 2735, 2743 (1986)). In addition, the David K court recognized that the policy reasons for granting public access to criminal cases apply with equal force in civil proceedings. We cannot say that the district court erred in denying the request to close the evidentiary hearing in this case. The district court was required to strike a balance between public access to the court and Troutman's fear for himself and his family. The district judge apparently determined that Troutman's showing was insufficient to justify the extraordinary action of closing the proceedings. We find no error in that determination.
 
 VII.
 
 14
 Troutman next argues that the district court erred in not permitting him to file a late appeal from his Rule 35 motion. Troutman asserts that his attorney indicated that he had perfected an appeal from the Rule 35 ruling, when in fact no such appeal was perfected. Thus, Troutman alleges that he should be permitted to file a late appeal on the basis of ineffective assistance of counsel. It is unclear exactly what relief Troutman is seeking with this argument. The allegation that the government breached its agreement with Troutman by not fully informing the court of his cooperation was included in his Sec. 2255 motion. The district court was prepared to address the merits of the issue and had scheduled an evidentiary hearing for the purposes of exploring the same. Troutman refused to discuss the issue, however, because the court would not close the proceedings. Apparently, Troutman was about to receive the relief he seeks herein, namely a consideration of whether the government complied with its obligations at the Rule 35 hearing, however, he refused to proceed. As such, he cannot now be heard to complain.
 
 VII.
 
 15
 Finally, Troutman asserts that he is entitled to relief under Sec. 2255 because his indictment for mail fraud was premised on the intangible rights theory repudiated by the Supreme Court in McNally v. United States, 483 U.S. 350 (1987). In evaluating a claim that an indictment is defective under McNally, we look beyond the language used to characterize the scheme to the substance of the indictment to determine if the conduct alleged in the indictment is proscribed by the mail fraud statute. United States v. Doe, 867 F.2d 986, 988 (7th Cir.1989) (citing United States v. Wellman, 830 F.2d 1453, 1463 (7th Cir.1987)). A review of the indictment in this instance indicates that it charges a single scheme which had the dual effect of depriving the victim of both tangible and intangible rights; thus the indictment alleged a violation of the mail fraud statute despite its inclusion of intangible rights language. As such, McNally does not require that Troutman's conviction be set aside. United States v. Bonansinga, 855 F.2d 476, 479 (7th Cir.1988); Wellman, 830 F.2d at 1463.
 
 VIII.
 
 16
 For all of the foregoing reasons, the district court's denial of Troutman's Sec. 2255 motion is
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record