940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael WEBBER, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 90-2137.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Aug. 14, 1991.
Rehearing and Rehearing En Banc Denied
Oct. 25, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Michael Webber pleaded guilty to distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). In exchange, the government moved to dismiss the conspiracy to distribute cocaine count. Under the Sentencing Guidelines, Webber's offense level was 28 and his criminal history category was II. His guideline range was 87 to 108 months. He was sentenced to 87 months in prison followed by five years of supervised release, was fined $1000, and was ordered to pay restitution of $275. Webber did not file a direct appeal.
 
 
 2
 About six months after sentencing, Webber filed a motion pursuant to 28 U.S.C. Sec. 2255 and Federal Rule of Criminal Procedure 32(d)[1] to withdraw his guilty plea and vacate his conviction on the following grounds: 1) ineffective assistance of counsel; 2) breach of the plea agreement; 3) noncompliance with Federal Rule of Criminal Procedure 32(c)(3)(D); and 4) a violation of his right against self-incrimination. After the government filed a response, the district court denied Webber's section 2255 petition on the basis that the pleadings were without merit. On appeal, Webber raises the same issues and argues that the district erred in denying his petition. Construing Webber's pro se pleadings liberally, Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990), we have examined the merits of his claim and affirm the district court's decision.
 
 
 3
 Because Webber did not raise his issues at the sentencing hearing or on direct appeal, his section 2255 petition must demonstrate " 'cause' excusing his double procedural default, and ... 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982). Webber alleges that he was denied effective assistance of counsel. "[I]neffective assistance of counsel, if established, constitutes cause for a default under Frady." Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)). The Supreme Court has created a two-prong test for analyzing an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under this test, Webber must "affirmatively establish that counsel's performance was both constitutionally deficient and that the deficiency prejudiced the outcome of the trial." Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990).
 
 
 4
 Webber asserts that his trial counsel failed to notify him adequately of his opportunity to file a direct appeal. Sentencing occurred on August 22, 1989. In a letter dated August 30, 1989, counsel erroneously notified Webber that he had until September 6, 1989 to file an appeal, when, in fact, he only had until September 1. In the letter, counsel also advised him against appealing. Moreover, there is a reference in the letter to a discussion between Webber and his counsel at court during which they had jointly agreed not to appeal. Counsel informed Webber that he was not planning to file an appeal. Webber did not take any action, and thus was not prejudiced by counsel's error in calculating the time.
 
 
 5
 Webber also contends that his counsel rendered ineffective assistance when he called Webber to the stand to testify during the sentencing hearing, claiming a violation of his right not to incriminate himself. Webber had earlier been granted immunity. He asserts that his counsel should have notified him before he took the stand at the sentencing hearing that he no longer had a grant of immunity. Webber's assertion has no merit. Webber had already pleaded guilty, and at the sentencing hearing the court informed him that he was not immune from the consequences of his testimony. Webber testified on his own volition. Moreover, counsel's decision to have him testify may have been a matter of strategy, and thus within the range of competent assistance. Strickland, 466 U.S. at 689-90.
 
 
 6
 Finally, Webber faults his counsel for not having moved to withdraw his plea pursuant to Federal Rule of Criminal Procedure 32(d) during the sentencing hearing because he believes that the government breached its plea agreement. In his breach of plea agreement argument, Webber asserts that the court should have been bound by his proffer statement in which he pleaded guilty to the sale of only 2.8 grams of cocaine. Webber is mistaken. A sentencing court may consider quantities of drugs included in counts that were dismissed pursuant to a plea agreement as well as activity for which a defendant has never been charged or convicted. United States v. Salva, 902 F.2d 483, 488 (7th Cir.1990). Webber's counsel objected to the presentence report, which stated that Webber had dealt in 1680 grams of cocaine. Pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D),[2] the court heard testimony from both Webber and codefendant Rex Brown. The court made a credibility determination and concluded that Webber had trafficked in approximately 756 grams of cocaine. There is no indication that counsel's conduct was constitutionally deficient.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 A motion under Federal Rule of Criminal Procedure 32(d) is appropriate only before sentencing. "At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255." Fed.R.Crim.P. 32(d)
 
 
 [2]
 Webber argues that the sentencing court failed to meet the requirements of Federal Rule of Criminal Procedure 32(c)(3)(D), under which a sentencing judge must make specific findings as to contested facts related to the sentencing decision. United States v. Briscoe, 896 F.2d 1476, 1521 (7th Cir.1990). His failure to raise this issue at his sentencing hearing or on direct appeal prevents us from considering it unless he can show cause and prejudice for his procedural default. Rosenwald, 898 F.2d at 587. Webber has not done so, and thus has waived this issue. In any event, the record indicates that the sentencing court complied with Federal Rule of Criminal Procedure 32(c)(3)(D)