951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory C. LACY, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1244.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 17, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges and E. FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-appellant, Gregory Lacy, appeals pro se from the district court's denial of his 28 U.S.C. § 2255 petition. We affirm.
 
 
 2
 In January of 1989, a federal grand jury returned a six-count indictment against Lacy, charging him with armed bank robbery. 18 U.S.C. § 2113(a) and (d). While in jail awaiting trial, Lacy confessed to agents of the Federal Bureau of Investigation that he had committed the charged crimes. On June 2, 1989, Lacy filed a motion to suppress his confession, which the district court denied. In November, Lacy pleaded guilty to four counts of armed robbery in exchange for dismissal of the other counts. The district court judge sentenced Lacy to concurrent twenty-five year prison terms on each count.
 
 
 3
 Lacy directly appealed his conviction on the ground that the district court erred in denying the motion to suppress his confession. This court affirmed the district court's denial of Lacy's motion to suppress in an unpublished order on June 29, 1990 (No. 90-1272).[1] Lacy then filed a motion pursuant to 28 U.S.C. § 2255 in which he argued that: (1) he was denied effective assistance of counsel because his attorney failed to adequately explain the plea agreement to him; (2) the government breached the plea agreement; and (3) no factual basis existed for his guilty plea because he never confessed to the bank robberies. In response to the section 2255 petition, the government argued that Lacy procedurally defaulted on the three issues in his petition by failing to raise them on direct appeal. Further, the government contended that Lacy failed to demonstrate cause and prejudice for his default. The district court agreed with the government and denied Lacy's petition. Lacy appeals.
 
 
 4
 Collateral review is not a rerun of the direct appeal. Brecht v. Abrahamson, No. 91-1835, slip op. at 21 (7th Cir. Sept. 26, 1991). Lacy's failure to raise the three issues on direct appeal bars review of these issues in a section 2255 proceeding unless he can show good cause for and actual prejudice from that failure. Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991).
 
 
 5
 Lacy's section 2255 petition alleges that he was denied effective assistance of counsel because his attorney was "not sufficiently conversant with courtroom procedure with regard to conditional pleas ... and so neglected to advise his client of the overall conditions of the plea-agreement."[2] Ineffective assistance of counsel, if proven, establishes cause for a default. Fagan v. Washington, No. 91-2118, slip op. at 3 (7th Cir. Sept. 5, 1991); Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). However, Lacy's bare allegation against his attorney is insufficient to demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). See United States v. Williams, 910 F.2d 1574, 1581 (7th Cir.1990) (Strickland requires a more plenary discussion of counsel's errors), cert. granted. sub nom. Williams v. United States, 111 S.Ct. 1305 (1991). Moreover, Lacy presents no argument that but for counsel's alleged failure he would not have pleaded guilty. See Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990) (to prove ineffective assistance of counsel in the context of a guilty plea, the defendant must demonstrate that he would have demanded a trial instead of pleading guilty). Lacy argues for the first time on appeal that counsel was ineffective in that he failed to present the government's alleged breach of the plea agreement on direct appeal. As the government correctly points out, this argument was not raised in the district court; consequently, it is waived. United States v. Livingston, 936 F.3d 333, 336 (7th Cir.1991).
 
 
 6
 Lacy has failed to establish that he received ineffective assistance of counsel and he does not offer any other explanation for his procedural default.[3] Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Lacy's plea agreement permitted him to withdraw his plea of guilty if this court reversed the district court's denial of Lacy's motion to suppress his confession
 
 
 [2]
 Lacy's failure to present this claim on direct appeal does not bar him from raising it in a section 2255 petition because his counsel for the direct appeal was his trial counsel. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991) (trial counsel "can hardly be expected to challenge on appeal his own effectiveness at trial")
 
 
 [3]
 Because we hold that Lacy has failed to establish cause for his procedural default, it is unnecessary to discuss the issue of actual prejudice. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989)