962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David BENTLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1297.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 1, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 David Bentley brought this motion pursuant to 28 U.S.C. § 2255 to challenge his 1986 conviction for mail and wire fraud. See 18 U.S.C. §§ 1341, 1343. The district court, after correctly stating the relevant facts, denied the motion, and this appeal followed.
 
 
 2
 In his brief, Bentley argues that: (1) the district judge deprived him of his Fifth Amendment right to due process, his Sixth Amendment right to a jury trial and his statutory right to be present at all stages of the trial under Fed.R.Crim.P. 43(a) by failing to read the verdict in the presence of the jury; (2) the district judge prevented him from exercising his statutory right to poll the jury pursuant to Fed.R.Crim.P. 31(d) by excusing the jurors before reading the verdict; and, (3) his lawyer provided ineffective assistance by not raising these claims during his trial or on direct appeal of his conviction.
 
 
 3
 In so far as Bentley's claims rest on a rule violation, they do not justify collateral relief. Such a violation is neither constitutional nor jurisdictional nor does it involve an error of law resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." See United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also United States v. Timmreck, 441 U.S. 780, 784 (1978).
 
 
 4
 The claimed violations of due process and of the right to a jury trial are cognizable under § 2255, see Johnson v. United States, 805 F.2d 1284, 1287 (7th Cir.1986), but Bentley failed to raise them earlier. United States v. Frady, 456 U.S. 152 (1982), bars federal review of these errors unless Bentley can show good "cause" for his procedural default and resulting "prejudice." Id. at 167-68. Bentley relies on counsel's ineffectiveness for "cause," see Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990), but to no avail. He is unable to establish that the perceived deficiencies in his lawyer's performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As a result, Bentley's constitutional claims are waived.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record