25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mark SCHMANKE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3804.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1994.
Decided May 25, 1994.
 
 Before ESCHBACH, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Mark Schmanke appeals from the summary denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. He argues that his appointed trial counsel, Attorney James Meyer, was ineffective because Meyer had a conflict of interest stemming from his former employment as an Assistant U.S. Attorney during the investigation of Schmanke's criminal conduct. Schmanke asks this court to reverse the summary dismissal of the motion and remand to the district court so that, at a minimum, an evidentiary hearing may be held. We affirm.
 
 
 2
 The Sixth Amendment right to effective assistance of counsel entitles the defendant to counsel free of any conflict of interest. United States v. Lowry, 971 F.2d 55, 59 (7th Cir.1992). The defendant may assent to a conflict of interest, however, and once he does so knowingly and intelligently, he may not later claim ineffective assistance of counsel based on the conflict. Harvey v. McCaughtry, 11 F.3d 691, 695 (7th Cir.1993); Lowry, 971 F.2d at 63. It is undisputed that Schmanke knew of Meyer's previous employment in the U.S. Attorney's Office before trial and that he was advised that he could request a different attorney. Furthermore, Schmanke acknowledges that he agreed to Meyer's continued representation at the close of a post-trial hearing, exploring his allegations of a conflict of interest. Yet, Schmanke now claims that his waiver is invalid for two reasons. First, he claims that the hearing was procedurally deficient due to the lack of sworn testimony and the opportunity to cross-examine Meyer. Second, he argues that an evidentiary hearing to review his psychiatric records would establish that he was incompetent to execute a knowing and voluntary waiver of the conflict of interest.[1]
 
 
 3
 Because Schmanke did not raise his constitutional claim on direct appeal, he must show cause for his failure to raise the issues earlier and actual prejudice resulting from the alleged errors. United States v. Frady, 456 U.S. 152, 167-68 (1982); Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994). Although the district court assumed cause, it did not find prejudice. We hold that Schmanke has failed to establish either cause or prejudice.
 
 
 4
 Schmanke offers no explanation as to why he could not have raised the alleged deficiencies of the post-trial hearing on direct appeal. Even if his appellate counsel had been ineffective, a claim that he has waived on appeal, Schmanke filed a supplemental brief with the court on direct appeal to raise those issues he felt his counsel had overlooked. Moreover, because the transcript from the post-trial hearing was available and would have been sufficient to establish whether Schmanke's waiver was valid, there is no evidentiary reason for the delay in raising this issue. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993) (defendant may wait to pursue his ineffective assistance of counsel claim in a collateral proceeding if the trial record is so inadequate as to prevent the reviewing court from determining whether or not defense counsel's performance was deficient); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.) (same), cert. denied, 111 S.Ct. 2040 (1991); cf. Rosenwald v. United States, 898 F.2d 585, 587-88 (7th Cir.1990) (per curiam) (case remanded for evidentiary hearing because the petitioner did not know of the conflict at trial and the failure to develop the record below was not due to the petitioner's neglect or deliberate bypass).
 
 
 5
 Also, Schmanke has not demonstrated prejudice from the alleged errors. Where the attorney's alleged deficient performance is predicated on a conflict of interest, and the conflict was not brought to the court's attention during trial, prejudice is presumed if the petitioner demonstrates that an actual conflict of interest existed and it adversely affected his lawyer's representation. Cuyler v. Sullivan, 446 U.S. 335, 349 (1980); Rosenwald, 898 F.2d at 587. Although Schmanke disputes the district court's finding that there was no actual conflict, he does not provide a transcript of the post-trial hearing which dealt with the matter pursuant to Federal Rule of Appellate Procedure 10(b)(2). Nor does Schmanke state specific reasons for his disagreement with the district court's findings. The only evidence of a possible conflict set forth in the record is a mere statement that Meyer was previously employed as an Assistant U.S. Attorney during the investigation of Schmanke's criminal conduct. That alone does not suggest the existence of a conflict of interest.[2] See United States v. Horton, 845 F.2d 1414, 1419 (7th Cir.1988) (rejecting presumption that a defense attorney who is being considered for the position of U.S. Attorney has an actual conflict of interest with any defendant he represents in federal court); cf. United States v. Ziegenhagen, 890 F.2d 937, 940 (7th Cir.1989) (actual conflict existed where defense counsel represented the U.S. Attorney's Office at defendant's sentencing hearing on a twenty year old conviction).
 
 
 6
 Finally, Schmanke has neither supplied the trial record nor stated how the alleged conflict affected his attorney's performance. See Lowry, 971 F.2d at 64 n. 8; United States v. Kladouris, 964 F.2d 658, 667 (7th Cir.1992). Pursuant to Sec. 2255, the district court is not obligated to hold an evidentiary hearing if it concludes from the record that the petitioner is entitled to no relief. See Patel v. United States, No. 93-2633, slip op. at 4-5 (7th Cir. Mar. 25, 1994); Taglia, 922 F.2d at 419 (unless there is reason to believe that a hearing will produce evidence justifying a new trial, the hearing may be denied). Because Schmanke has failed to disclose a basis on which to reject the district court's conclusion or to support a finding of an actual conflict of interest, he fails to establish prejudice.
 
 
 7
 Because we find that there was no actual conflict of interest in this particular case, we need not address Schmanke's claim that he was incompetent to execute a knowing and voluntary waiver of his right to conflict-free counsel. Accordingly, we AFFIRM the district court's summary dismissal of Schmanke's Sec. 2255 motion.
 
 
 
 [1]
 Since Schmanke waited until his reply brief to argue that the post-trial hearing was unreliable due to the representation of his conflict-burdened attorney, that issue is waived. Graff v. City of Chicago, 9 F.3d 1309, 1318 n. 6 (7th Cir.1993)
 
 
 [2]
 Schmanke asks this court to abandon the standard of proof enunciated in Cuyler, and adopt a bright-line rule that representation of a defendant by a former prosecutor who was employed by the U.S. Attorney's Office during the investigation of the defendant is per se prejudicial because of the mere potential for conflict. Although he relies on DelVecchio v. Illinois Dep't. of Corrections, 8 F.3d 509 (7th Cir.1993), in which it was held that a judge should recuse himself whenever there is an appearance of impropriety, that opinion was vacated and reheard en banc on February 8, 1994. Furthermore, DelVecchio is distinguishable in that it dealt with judicial bias in violation of due process under the Fourteenth Amendment. Although Cuyler dealt specifically with a conflict of interest stemming from the multiple representation of clients in a single criminal proceeding, the Seventh Circuit has long applied the Cuyler standard to conflict of interest claims generally. United States ex rel. Duncan v. O'Leary, 806 F.2d 1307, 1313 (7th Cir.1986), cert. denied, 481 U.S. 1041 (1987)