PER CURIAM.
The appellant, Aaron Coleman, was convicted of two counts of the unlawful distribution of a controlled substance and was sentenced to concurrent terms of five years in prison. The sentences were split, and he was ordered to serve six months in prison followed by five years of supervised probation.
At trial, the State’s case against Coleman consisted of the testimony of the confidential informant (“Cl”), Elba Police Officer Leslie Hussey, and John Brunner from the Alabama Department of Forensic Sciences. Officer Hussey testified that on July 17, 2009, he conducted an undercover drug operation using a Cl and that he wired the Cl and audiotaped the exchange. The Cl testified that he purchased cocaine from Coleman at an apartment complex in Elba, that he was currently in jail on assault charges, and that at the time of the drug purchase he had been working with the police in an attempt to get his drug charges nol-prossed. Brunner testified that the substance he tested was a mixture containing cocaine.
On appeal, Coleman argues that the circuit court erred in denying counsel’s motion to withdraw from the ease. Specifically, he argues that his trial attorney had a conflict of interest because, he says, he was representing both the Cl and the defendant at the same time and such representation violated Rule 1.7(a), Ala. R. Prof. Cond. The State concedes that this case should be remanded to the Coffee Circuit Court for an evidentiary hearing on this claim. For the following reasons, we agree with the State.
The record indicates that one week before the trial was scheduled to begin counsel filed a motion to withdraw from representing Coleman. In the motion, counsel asserted:
“In the case at hand it will be necessary for counsel to disclose to the jury through cross-examination, information that was ... learned through representation of the [Cl]. However, because of the Rules of Professional Responsibility counsel will not be able to ask certain questions of the [Cl] because the knowledge of that information comes from counsel’s representation of the [Cl].”
(C. 46.)
Also, when the trial court inquired if the parties were ready to make their opening statements, Coleman’s trial counsel stated: “I do have one issue I’d like on the record, if you don’t mind,” whereupon the trial court allowed Coleman’s trial counsel to present his issue outside the hearing of the jury:
“[Trial Counsel]: Judge, respectfully, I’m not going to try to ask for a continuance again. I just want to put on the record that I have asked twice for a continuance and once in a written motion and the Court has denied that, but I’m moving forward upon the Court’s instruction. I just wanted to respectfully put that on the record.
“THE COURT: For the reasons I have stated and I will state again, the motion to withdraw, the motion for a continuance are each denied. The jury was impaneled last week. Jeopardy was attached and it’s time to go on with the trial.
“Nothing was presented to me to alter that opinion on that point. And I have made a vnitten entry. I haven’t had *148 time to type it up, but it will be filed concerning your motions—
“[Trial Counsel]: Yes, sir.
“THE COURT: — on withdrawing and continuance.
“All right. Are we ready to proceed?
“[Trial Counsel]: Yes, sir.”
(R. 10-11 (emphasis added).) This issue was again raised in Coleman’s motion for a new trial. As cited above, the circuit court referenced that it would make a written ruling on the motion to withdraw; however, no such ruling is contained in the record.
Rule 1.7(a), Ala. R. Prof. Cond., provides:
“A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
“(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
“(2) Each client consents after consultation.”
(Emphasis added.)
The Sixth Amendment right to counsel includes the right “to representation that is free from conflicts of interest.” Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). “An actual conflict of interest exists when an attorney owes loyalty to a client whose interests are adverse to another client.” Self v. State, 564 So.2d 1023, 1033 (Ala.Crim.App.1989).
“The problem that arises when one attorney represents both the defendant and the prosecution witness is that the attorney may have privileged information obtained from the witness that is relevant to cross-examination, but which he refuses to use for fear of breaching his ethical obligation to maintain the confidences of his client.”
Ross v. Heyne, 638 F.2d 979, 983 (7th Cir.1980).
“ ‘[T]here is no per se rule prohibiting representation of the defendant by counsel who has previously represented a government witness,’ United States v. Bowie, 892 F.2d 1494, 1502 (10th Cir.1990). However, where counsel who has previously represented a prosecution witness subsequently represents the defendant against whom the witness is to testify, the potential for a conflict of interests exists in ‘that defense counsel may not be able to effectively cross-examine the witness for fear of divulging privileged information. ’ Id. at 1501. This same concern, as well as other rather obvious concerns, arise when counsel simultaneously represents the defendant and a prosecution witness. See, e.g., Rosenwald v. United States, 898 F.2d 585, 587-88 (7th Cir.1990); Pinkerton v. State, 395 So.2d at 1086; People v. Wandell, 75 N.Y.2d 951, 555 N.Y.S.2d 686, 554 N.E.2d 1274, 1274-75 (1990). Whether counsel’s representation of the witness occurs before or is simultaneous with the representation of the defendant, the ‘potential for conflict is great where there is a substantial relationship’ between the two cases. United States v. Bowie, 892 F.2d [1494,] 1502 [ (10th Cir.1990) ].”
Molton v. State, 651 So.2d 663, 668-69 (Ala.Crim.App.1994) (emphasis added). See also Wynn v. State, 804 So.2d 1122, 1132 (Ala.Crim.App.2000).
The United States Supreme Court has held that a trial court has an obligation to investigate into a possible conflict of interest like the type presented in this case when that potential conflict is brought to the court’s attention. See Cuyler v. Sulli *149 van, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
In Pinkerton v. State, 395 So.2d 1080 (Ala.Crim.App.1980), this Court found that an actual conflict of interest occurred when Pinkerton’s attorney represented the informer in a previous criminal proceeding. More recently, we discussed our holding in Pinkerton, and stated:
“Pinkerton [v. State, 395 So.2d 1080 (Ala.Crim.App.1980),] did not cite Cuyler v. Sullivan, [446 U.S. 335 (1980),] although it was released subsequent to Cuyler. Later federal cases relying on Cuyler have indicated that even defendants alleging a conflict of interest based on simultaneous representation of a prosecution witness must demonstrate an actual conflict through a showing of specific facts. See, e.g., Rosenwald v. United States, 898 F.2d at 587-88; Barham v. United States, 724 F.2d [1529,] 1531-33 [(11th Cir.1984) ]. We need not resolve this conflict in this case because, even assuming that the appellant has demonstrated an actual conflict of interest, he has clearly failed to show that that conflict adversely affected trial counsel’s performance. Under the particular facts of this case, however, his failure to do so is not dispositive of the issue. This Court is troubled by the fact that, several months after having been retained by the appellant, but before the appellant’s trial, trial counsel accepted an appointment to represent a crucial prosecution witness against the appellant. As the Eleventh Circuit Court of Appeals has observed: ‘In the abstract, or the hypothetical, it is not a good idea at all’ for counsel to simultaneously represent a defendant and a prosecution witness who is to testify against that defendant. Barham v. United States, 724 F.2d at 1533. See generally Rule 1.7, Rule 1.9, A.R. Prof. Cond. ‘Defense counsel have an ethical obligation to avoid conflicting representations,’ Cuyler v. Sullivan, 446 U.S. at 346, 100 S.Ct. at 1717, and have the further ‘obligation, upon discovering a conflict of interests, to advise the court at once of the problem,’ Holloway v. Arkansas, 435 U.S. [475,] 485-86, 98 S.Ct. [1173,] 1179 [55 L.Ed.2d 426 (1978) ].”
Molton, 651 So.2d at 670. See McConico v. Alabama, 919 F.2d 1543, 1548 (11th Cir.1990) (“[T]he law formerly was that once a conflict of interest was shown, prejudice was presumed.... Since Strickland, however, it has been clear that a showing of adverse effect is required.”). See also Rael v. Blair, 141 N.M. 232, 238, 153 P.3d 657, 663 (2007) (“We conclude that defense counsel was operating under a conflict of interest in representing both [the confidential informant] and Defendant. As Defendant points out, defense counsel could not effectively cross-examine [the confidential informant] because of his confidential relationship resulting from counsel’s prior representation.”); State v. Jenkins, 257 Kan. 1074, 1087, 898 P.2d 1121, 1130 (1995) (“[T]he trial court was presented with information that established an actual conflict — defense counsel represented the key prosecution witness. Further the crime for which defense counsel represented the key prosecution witness occurred during the time the witness was acting as a confidential informant for the State in the drug transaction involved in this case.”).
In Deerman v. State, 466 So.2d 1013 (Ala.Crim.App.1984), we remanded the case to the circuit court for that court to make findings of fact concerning Deer-man’s claim that his counsel’s representation of both the defendant and one of the State’s witnesses in a pending civil litigation — a case unrelated to the criminal case against the defendant — constituted a conflict of interest. On appeal, this Court *150 stated as follows concerning cases in which counsel may have a conflict of interest:
“ ‘Actionable conflict of interests’ have been found to exist with respect to the representation by the same defense counsel of a non co-defendant prosecution witness at a separate proceeding. Annot. 18 A.L.R.4th 360, Section 12(a) (1982), citing Pinkerton v. State, 395 So.2d 1080 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1090 (Ala.1981). In Pinkerton, a drug sale prosecution, a conflict was found where defense counsel had previously represented the informant who was the prime figure in the arrest of the defendant. The informant had been convicted of selling narcotics, and had agreed to cooperate with law enforcement officers in exchange for a recommendation of a mitigated sentence and had not yet been sentenced. This Court found it ‘clear ... that appellant’s trial attorney could not very well seek to fully represent the appellant, when that representation would of necessity involve an attack upon the credibility of the chief witness, Vickers, especially where the attorney had had a role in negotiating the agreement by which Vickers would inform in exchange for a possibly mitigated sentence.’ Pinkerton, 395 So.2d at 1089.”
466 So.2d at 1016. See also Browning v. State, 607 So.2d 339 (Ala.Crim.App.1992) (reversing Browning’s conviction because of an actual conflict of interest); Annot., Circumstances Giving Rise to Prejudicial Conflict of Interests Between Criminal Defendant and Defense Counsel — State Cases, 18 A.L.R.4& 360 (1982); Annot., Propriety and Prejudicial Effect of Counsel’s Representing Defendant in Criminal Case Notwithstanding Counsel’s Representation or Former Representation of Prosecution Witness, 27 A.L.R.3d 1431 (1969).
This case presents an even stronger case for remand than did Deer-man. Here, the record shows that counsel moved on several occasions to withdraw from the case because of his simultaneous representation of the Cl on criminal charges, that the Cl testified at Coleman’s trial and was subject to cross-examination by his own attorney, and that counsel stated in his motion to withdraw that his cross-examination of the Cl was hampered in that he could not ask certain questions because the information that formed the basis of those questions was obtained through his privileged communications with the Cl.
“A review of Holloway [v. Arkansas, 435 U.S. 475 (1978) ], [Cuyler v.] Sullivan, [446 U.S. 335 (1980) ], and Wood [v. Georgia, 450 U.S. 261 (1981)], clearly demonstrates that where a trial court knows or reasonably should know of an attorney’s possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest....
“Although we cannot be sure that an actual conflict of interest existed, there is a clear possibility of conflict of interest on the facts of this case.... ”
State v. Johnson, 185 Ohio App.3d 654, 657, 925 N.E.2d 199, 202 (2010).
“An evidentiary hearing should be granted when there are important issues of fact which were not adequately developed at trial, the failure to develop the facts was not due to the defendant’s neglect or deliberate bypass, and the record does not conclusively demon *151 strate that the petitioner is entitled to no relief.”
Rosenwald v. United States, 898 F.2d 585, 588 (7th Cir.1990).
Here, as in Deerman, the record is sufficient to establish that there was, at the very minimum, a potential — if not an actual — conflict of interest in trial counsel’s simultaneous representation of Coleman and the Cl who testified against Coleman. Although, the record is silent as to why the circuit court denied trial counsel’s numerous motions to withdraw, the inadequacies of the record in that regard are overcome by the nature of the conflict involved in this case. See Browning v. State, 607 So.2d at 343 n. 1 (“When an ‘actual’ conflict of interest is proven, we will reverse the judgment even though the issue was not first presented to the trial court.”).
Accordingly, this case is remanded to the Coffee Circuit Court for that court to conduct an “evidentiary hearing on the issue of whether [Coleman] was denied the effective assistance of counsel in view of the alleged conflict of interests stemming from trial counsel’s concurrently representing the prosecution’s chief witness in another matter.” Deerman, 466 So.2d at 1018. The circuit court is further directed to make written findings of fact concerning this claim. Due return should be filed in this Court within 72 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
WELCH, P.J., and KELLUM, BURKE, and JOINER, JJ., concur. WINDOM, J., dissents, with opinion.