UNITED STATES of America,
Plaintiff–Appellee,

v.

Armin ZIEGENHAGEN,
Defendant–Appellant.

No. 89–1256.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 6, 1989.
Decided Nov. 27, 1989.

Daniel P. Bach, Asst. U.S. Atty., Madison, Wis., for U.S., plaintiff-appellee.

Martin I. Hanson, Hanson, Gasiorkiewicz & Becker, Racine, Wis., for Armin Ziegenhagen, defendant-appellant.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

This case comes before the court on Defendant–Appellant Armin Ziegenhagen's pro se "Motion for Change of Counsel, Setting Aside Brief, Extension of Time to Proceed *In Forma Pauperis*, and for Transcript.[1] Also before the court are the briefs, including a reply brief, from the parties in this direct criminal appeal. For the reasons below, we remand to the district court for an evidentiary hearing to consider whether the conflict of interest in this case denied Ziegenhagen the right to fair representation or if Ziegenhagen waived the conflict.

## I. Background

On November 8, 1988, a jury convicted Armin Ziegenhagen of possessing a firearm, a .308 Savage rifle, in violation of 18 U.S.C. § 922(g).[2] Prior to trial, the government had provided Ziegenhagen, and his attorney, Martin Hanson, with notice of its intention to seek an enhanced sentence under 18 U.S.C. § 924(e)(1)[3] since Ziegenhagen was a three-time convicted felon.[4] Unbeknownst to anyone, Hanson had appeared twenty years earlier at the sentencing hearing on behalf of the Racine County District Attorney's office to recommend the length of sentence to be imposed against Ziegenhagen on two of the convictions that the government relied on to enhance the present sentence. Again, without being aware of his role in Ziegenhagen's prior convictions, Hanson, on January 24, 1989, filed a motion to bar application of the sentence-enhancing statute on the ground that one of the earlier convictions, a 20–

1. The court ordered Ziegenhagen's retained counsel to respond by September 29, 1989 to Ziegenhagen's motion. His affidavit and response is considered in the disposition of this case.

2. 18 U.S.C. § 922(g) provides:
   It shall be unlawful for any person—
   (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
   . . . .
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. 18 U.S.C. § 924(e) provides:

   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provisions of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

4. Ziegenhagen's convictions included a battery from November 1975, a "strong-arm" robbery in March, 1969, and a burglary in March, 1969. The first two convictions are uncontested.

year old burglary conviction in Wisconsin, did not qualify as a predicate offense under § 924(e)(1). Prior to the sentencing hearing, Hanson discovered his involvement in Ziegenhagen's earlier convictions and sentences. He discussed the possible conflict with the prosecutor in this case, Daniel P. Bach, Assistant U.S. Attorney, and informed his client, Ziegenhagen. The prosecutor felt there was no conflict and according to Hanson, Ziegenhagen did not say anything after the disclosure; no one informed the district court judge of these facts.

The district court, relying on this court's decision in *United States v. Dickerson,* 857 F.2d 414 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1753, 104 L.Ed.2d 189 (1989),[5] felt constrained to apply the sentence-enhancing statute and sentenced Ziegenhagen on January 26, 1989, to fifteen years imprisonment without opportunity for parole, the statutory minimum under § 924(e)(1).

## II. The Appeal

Hanson continues to represent Ziegenhagen on appeal. In the appeal, Hanson argues that Ziegenhagen was improperly sentenced under § 924(e)(1), that it only includes burglaries as defined by common law and not as defined under Wisconsin Law, *see* Wis.Stat. § 943.10(1)(a) (1965), because § 924(e)(1), as amended, does not include a definition of burglary. Hanson makes this contention based on the legislative history of § 924, statistics and the "rule of lenity."[6] After all briefing was completed and subsequent to this court's

notice to the parties of Fed.R.App.Proc. 34(f), Ziegenhagen filed his *pro se* motion.

## III. The Motion

Ziegenhagen's motion first requests a change of counsel from Martin I. Hanson to Melvin P. Deutsch because of the alleged conflict of interest stemming from Hanson's appearance against Ziegenhagen at the sentencing hearing twenty years ago. Hanson is retained counsel and has represented Ziegenhagen and his brother over the course of the last several years. Ziegenhagen claims he was not aware that Hanson had appeared for the prosecution at the sentencing in the earlier cases until Hanson informed him of that fact prior to sentencing in this case, and claims that this "conflict of interest" requires the court's substitution of Mr. Deutsch for Mr. Hanson.[7]

## IV. Analysis

The Sixth Amendment guarantees defendants effective, albeit not perfect, representation by counsel. *Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984). This guarantee includes representation that is free of any actual conflict of interest with counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980); *United States v. Bradshaw,* 719 F.2d 907, 911 (7th Cir.1983). *See generally Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). An "actual" conflict of interest means "that the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests," *United*

---

**5.** In *Dickerson, supra,* we held that burglary need not be violent or "present serious risk of physical injury" to be considered a predicate offense under § 924(e)(1). *Dickerson,* 857 F.2d at 419.

**6.** Since the filing of briefs in this case, this court has ruled authoritatively that Congress inadvertently omitted a definition for burglary in § 924(e) as amended, that the common law definition of burglary was not intended to replace the more expansive prior definition in the Act, and that the prior definition encompasses commercial burglaries, of which both Dombrowski and Ziegenhaven were convicted. *United States v. Dombrowski,* 877 F.2d 520, 530 (7th Cir.1989).

We note, therefore, that *Dombrowski* will be of major significance to the argument that Hanson raises on appeal on Ziegenhagen's behalf. *Id.* at 526.

**7.** Because of our decision to remand to the district court, we deny Ziegenhagen's motions at this time, pending the district court's action. We do, however, note that Ziegenhagen's proposed substitute counsel, Mr. Deutsch, is not currently and never has been a licensed attorney, although he attempts to practice as such from his prison cell at the federal prison in Oxford, Wisconsin.

*States v. Horton,* 845 F.2d 1414, 1419 (7th Cir.1988) (citing *United States v. Marrera,* 768 F.2d 201, 207 (7th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 321 (1986)), and "which, by its nature, is so threatening [as] to justify a presumption that the adequacy of representation was affected." *United States v. Cancilla,* 725 F.2d 867, 870 (2d Cir.1984).

Although "actual" conflicts of interest have been found in joint or multiple representation contexts, *see, e.g., United States ex rel. Duncan v. O'Leary,* 806 F.2d 1307, 1315 (7th Cir.1986), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987); *United States v. Alvarez,* 580 F.2d 1251, 1260 (5th Cir.1978), and in cases where the defense attorney and the trial court judge are at odds, *Walberg v. Israel,* 766 F.2d 1071, 1075–76 (7th Cir.), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), such potential conflicts of interest are not *per se* violative of the constitutional right to effective representation. *See Foxworth v. Wainwright,* 516 F.2d 1072 (5th Cir.1975); *United States v. Fannon,* 491 F.2d 129 (5th Cir.), *cert. denied,* 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286 (1974); *Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

■ Generally speaking, ineffective assistance of counsel claims are governed by the standard set forth in *Strickland, i.e.,* that "counsel's performance fell below minimum professional standards, [and] also that his counsel's failure was so prejudicial that it probably changed the outcome of his trial." *Horton,* 845 F.2d at 1418 (citing *Strickland,* 466 U.S. at 691–96, 104 S.Ct. at 2066–69). But where a conflict of interest is the basis for the Sixth Amendment claim, then prejudice may or may not be presumed. "If the defendant or his attorney give the trial court notice of an alleged conflict, and the trial court fails to inquire into the conflict, a reviewing court will presume prejudice upon a showing of possible prejudice." *Horton,* 845 F.2d at 1418

(citing *Holloway v. Arkansas,* 435 U.S. 475, 487–88, 98 S.Ct. 1173, 1180–81, 55 L.Ed.2d 426 (1978); *Walberg,* 766 F.2d at 1075; *Marrera,* 768 F.2d at 205–06)).[8] This court has determined that possible prejudice was shown where the judge was in conflict with the defendant's attorney, even though the defendant, in addition to overwhelming evidence of guilt, was not necessarily prejudiced at trial or at sentencing because the judge did nothing during the trial to indicate prejudice against the defendant. *Walberg,* 766 F.2d at 1075.

■ This all presumes that the trial court is given notice. However, nothing in the record, the affidavits of either counsel or Ziegenhagen, or the motion itself, indicates that the trial court was apprised of the potential conflict of interest prior to trial or sentencing. But this court was given notice of the conflicting interests. Although not every conflict of interest is "so egregious as to constitute a violation of the Sixth Amendment," *Alvarez,* 580 F.2d at 1258, government employment in a prosecutorial role against one defendant and subsequent representation of that defendant in a defense capacity is not proper. *See, e.g., Westbrook v. Zant,* 575 F.Supp. 186, 189 (M.D.Ga.1983), *rev'd on other grounds,* 743 F.2d 764 (11th Cir.1984); *United States v. Kitchin,* 592 F.2d 900 (5th Cir.), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); Model Code of Professional Responsibility DR 9–101(B) (1987) (an attorney "shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee"). In this case, the prosecutorial role that Ziegenhagen's counsel took in the earlier convictions was substantial enough to represent an actual conflict of interest. Although he was not the prosecuting attorney of record, he appeared at the sentencing hearing to recommend the length of sentence in the convictions for

---

**8.** Notice has been considered given to the trial court when the defendant has attempted to "fire" his public defender, *Dently v. Lane,* 665 F.2d 113, 117 (7th Cir.1981), *later appeal,* 712 F.2d 1172 (7th Cir.1983), *vacated,* 720 F.2d 472

(7th Cir.1983), but not where there was no indication that either the magistrate or the defendant knew of the potential conflict, and counsel and the defendant were merely having "communication difficulties." *Horton,* 845 F.2d at 1419.

burglary and robbery, the convictions used to enhance Ziegenhagen's present sentence.

This former representation amounted to an actual conflict of interest, *see Kitchin*, 592 F.2d at 906, and we have been given notice of it. Despite the fact that Ziegenhagen had been convicted by a jury of the present offense, that does not mean that Hanson could not decide his defense strategy either at sentencing or on appeal on the basis of the conflict. Needless to say, there may be countless ways in which the conflict could have hindered a fair trial, the sentencing hearing or even this appeal. We cannot say that there was nothing another attorney could have argued based on the record to more zealously advocate on this defendant's behalf. *See Horton*, 845 F.2d at 1418–20; *U.S. v. Rossbach*, 701 F.2d 713, 717 (8th Cir.1983). Thus, we presume Ziegenhagen was prejudiced by Hanson's representation.

We are also disturbed by the fact that Hanson learned of the conflict prior to sentencing, and could have informed the trial court of the facts, but did not. An actual conflict of interest between retained counsel and a represented party requires an evidentiary hearing to determine whether or not the represented party made a knowing and intelligent waiver of the conflict. *See Zuck v. State of Alabama*, 588 F.2d 436, 440–41 (5th Cir.1979); *United States v. Levine*, 794 F.2d 1203 (7th Cir. 1986). Because we conclude that an actual conflict of interest exists, and that we cannot determine, without more, whether or not Ziegenhagen waived such conflict, we remand to the district court for an evidentiary hearing to be held within thirty days, at which time the court may consider these matters. All motions presently before the court are continued pending the outcome of the evidentiary hearing.

REMANDED.

RIPPLE, Circuit Judge, concurring in the result.