638 So.2d 567 (1994)
Rudolph McCaskill, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2650.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
Rehearing Denied June 22, 1994.
*568 Rudolph McCaskill, Lowell, in pro. per.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Rudolph McCaskill appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. McCaskill alleged that he had ineffective assistance of trial counsel because the attorney who represented him was also the state attorney who signed the information against him.
The lower court specifically found that defense counsel discussed with McCaskill the fact that defense counsel had served as state attorney when the original information was filed charging McCaskill with attempted capital sexual battery. The court found additionally that McCaskill had sought out and retained defense counsel notwithstanding his previous status as a state attorney. Alternatively, the trial court noted that McCaskill was not prosecuted upon the original information signed by defense counsel. Rather, he was prosecuted upon an amended information which was filed by a new state attorney and which alleged a completed sexual battery rather than an attempt. Defense counsel testified, without contradiction from McCaskill, that he had no active involvement in activities which led to the amended information. We find no abuse of discretion by the trial court in its denial of McCaskill's motion.
McCaskill also alleges an abuse of discretion by the trial court in refusing to appoint appellate counsel to appeal the denial of post-conviction relief. Although the trial court did appoint counsel in the proceedings below, there was no abuse of discretion in deciding to not have that representation continued at the appellate level. There is no absolute right to counsel in post-conviction relief proceedings and the trial court in the instant case, upon having heard the substance of McCaskill's claims through the assistance of McCaskill's counsel, concluded no further assistance was necessary at the appellate level. Gordon v. State, 529 So.2d 1129 (Fla. 5th DCA 1988).
AFFIRMED.
HARRIS, C.J., and PETERSON and DIAMANTIS, JJ., concur.