OPINION OF THE COURT
Graffeo, J.
Defendant seeks to set aside his conviction on the ground that his attorney’s prior representation of the People as an assistant district attorney automatically denied him effective assistance of counsel. Because the record supports the Appellate Division’s determination that the alleged conflict did not operate on the defense, we conclude that the Appellate Division order upholding defendant’s conviction should be affirmed.
In April 1999 defendant Christopher A. Abar was arraigned on an indictment charging him with misdemeanor driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony, carrying potential terms of imprisonment of one year and lVs to 4 years, respectively. On August 30, defendant was indicted and ar *408 raigned on two counts of criminal contempt in the first degree in connection with his violation of an order of protection. These class E felony charges exposed defendant to a possible additional term of incarceration of lVs to 4 years for each count.
Six weeks later, pursuant to a counseled plea bargain, defendant pleaded guilty to one count of criminal contempt in the first degree, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree, in full satisfaction of both indictments and several other pending charges, including a class D felony charge of assault in the second degree. In accordance with the plea agreement, defendant waived his right to appeal. He was sentenced in February 2000 to three concurrent terms of probation, the maximum of which was five years on the criminal contempt conviction.
Defendant was again arrested in November 2000 for failing to comply with the terms of his probation. Defendant entered a negotiated plea of guilty, and County Court revoked the three probationary sentences. The court imposed a sentence of 1 to 3 years on the criminal contempt charge, with time served on the remaining two charges.[1]
Beginning with his August 1999 arraignment and continuing through both pleas, defendant was represented by the St. Lawrence County Public Defender. Defendant was assigned new counsel for his direct appeal of the conviction and the sentence imposed on the probation violation. In his pro se CPL 440.10 motion to vacate the judgment of conviction, defendant claimed that the Public Defender’s representation constituted a conflict of interest and deprived him of the effective assistance of counsel because the attorney had prosecuted him on several of the charges involved in the plea bargain during her prior employment as an assistant district attorney in St. Lawrence County. County Court denied the motion, noting that defendant never indicated any dissatisfaction with defense counsel’s representation and failed to allege how her previous employment as a prosecutor had placed him at any disadvantage.
The Appellate Division granted defendant permission to appeal from the order denying his CPL 440.10 motion, joined it with his direct appeal and affirmed in all respects. A Judge of this Court granted defendant leave to appeal.
Defendant’s ineffective assistance of counsel claim is premised on his assertion that his lawyer did not adequately *409 represent him due to her former prosecutorial activities as an assistant district attorney. Defendant alleges that his defense counsel handled the prosecution of the crimes charged in the April 1999 indictment. Defense counsel averred that she served as an assistant district attorney from January 1, 1996 through July 16, 1999, and during that time prosecuted criminal matters in the City of Ogdensburg and at times in the Town of Oswegatchie in St. Lawrence County. She acknowledged her involvement with charges against defendant in these courts, but did not recall the dates of the offenses. The record does contain correspondence she sent to the Ogdensburg City Court on February 22, 1999, recommending that the court seek a plea from defendant on the aggravated harassment charge and issue an order of protection.
The Federal and New York Constitutions both guarantee criminal defendants the right to effective assistance of counsel (see US Const 6th Amend; NY Const, art I, § 6). We have defined effective assistance as “representation that is reasonably competent, conflict-free and singlemindedly devoted to the client’s best interests” (People v Harris, 99 NY2d 202, 209 [2002] [internal quotation marks omitted]).
A conflict-based ineffective assistance of counsel claim involves two inquiries. First, the court must assess whether there was a potential conflict of interest in a defendant’s representation. Second, a “defendant must show that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation” (People v Ortiz, 76 NY2d 652, 657 [1990] [internal quotation marks omitted]). Whether a conflict of interest operates on the defense is a mixed question of law and fact and, as a result, our review is limited. We may disturb an Appellate Division determination on this issue only if it lacks any record support (People v Berroa, 99 NY2d 134, 142 [2002]; People v Harris, 99 NY2d 202, 210 [2002]; People v Ming Li, 91 NY2d 913, 917-918 [1998]).
Defendant submits that the potential for divided loyalties resulting from his counsel’s previous duties as a prosecutor impaired his defense. He contends that defense counsel failed to secure his release from incarceration on his own recognizance or on probation and declined to file a motion on his behalf requesting that the charges against him be handled as separate cases. Defendant further claims that he was counseled to accept the two plea bargains, despite his protestations of innocence. The People counter that no conflict was presented *410 by defense counsel’s representation and that, even if the potential for conflict existed, defendant did not demonstrate that the alleged conflict operated on his defense.
We have held that a defense attorney who initially represented a defendant and during the pendency of the criminal proceeding then joined the District Attorney’s office as Chief Assistant District Attorney created an inherent conflict through an appearance of impropriety and “the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his active representation of defendant” (People v Shinkle, 51 NY2d 417, 420 [1980]). However, the concerns that arise when a defense attorney, who has acquired confidences from a client based on their attorney-client relationship, changes employment and undertakes the prosecution of that individual are not necessarily implicated here. Put another way, there is no evidence that the Public Defender obtained any information about defendant through her prior employment as an assistant district attorney that compromised her representation of him. But assuming for purposes of this appeal that her representation of defendant did pose a conflict, we turn to the second prong of conflict analysis.
Here, record evidence buttresses the Appellate Division’s finding that any conflict did not operate on the conduct of the defense. Given the circumstances of this case, defendant was uniquely situated to know of the potential conflict from the inception of his representation. In a sworn affidavit, defense counsel stated that she visited defendant in jail and inquired of him whether he was comfortable with her as his attorney in light of her prior position and he agreed to continue with her representation. Defendant admits to this conversation. Moreover, defendant affirmatively advised the court at his first plea allocution that he was satisfied with the legal services provided by his lawyer.[2] Indeed, two favorable plea agreements were negotiated on defendant’s behalf, particularly since defendant faced four felony charges and multiple misdemeanor counts. Because there is record support for the finding that the conflict did not operate on the defense, we decline to disturb the Appellate Division’s determination.
*411 Although our disciplinary rules as well as the American Bar Association standards cited by the dissent wisely caution against such potential conflicts, we decline to adopt the dissent’s rule requiring automatic reversal of a conviction. Instead, we have consistently applied both facets of the standard in evaluating conflict of interest claims (see People v Alicea, 61 NY2d 23 [1983]; see also People v Smart, 96 NY2d 793 [2001]; People v Longtin, 92 NY2d 640 [1998], cert denied 526 US 1114 [1999]; People v Recupero, 73 NY2d 877 [1988]; People v Perez, 70 NY2d 773 [1987]). Under our two-pronged standard, we have not reversed a conviction absent a showing that an alleged conflict operated on the defense. Notably, this formulation affords defendants greater protection than the constitutional harmless error standard (see People v Crimmins, 36 NY2d 230, 237 [1975]; see e.g. People v Smith, 97 NY2d 324, 330 [2002]). Rather than providing for reversal only where there is a significant possibility that, but for the error, the defendant would not have been convicted, the second prong of our conflict analysis requires only a showing that the alleged conflict in some way affected defendant’s representation (see e.g. People v Berroa, 99 NY2d 134, 142-143 [2002]).
In any event, defendant does not ask us to abandon this test. Instead, consistent with our conflict jurisprudence, he argues that his attorney’s prior employment created a conflict of interest and that this conflict affected his representation.[3] Although not endorsing the professional judgment exercised by defense counsel in this case, we conclude that reversal is not warranted in light of the record support for the Appellate Division’s determination, under the second prong of our long-established standard, that the conflict did not operate on the defense.
The parties’ remaining contentions are without merit.
Accordingly, the order of the Appellate Division should be affirmed.

. Defendant had been incarcerated for several months following his 1999 arrest for violating the order of protection.

. Although defendant claims that his attorney allowed him to remain in jail for 191 days, her representation did not commence until his arraignment on August 30, 1999, at which time she secured a $2,500 bail order on his behalf. She ultimately achieved defendant’s release pursuant to the first plea arrangement on October 12, 1999, 42 days after undertaking her representation. Defendant has never contended that the bail determination was an abuse of the trial court’s discretion.

. We note that no argument pertaining to Judiciary Law § 493 has been raised by defendant and it is therefore unpreserved and waived. We find it deeply troubling that the dissent insinuates that defense counsel engaged in criminal conduct when she was not afforded the opportunity to address this issue in the courts below.