DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAY RICHARD CURTIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3936

[June 8, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 2012CF003413AMB.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

After trial by jury, Curtis was convicted of burglary with assault or battery while armed with a firearm and wearing a mask, aggravated battery with a deadly weapon or causing bodily harm while wearing a mask, and robbery with a firearm while wearing a mask. He was sentenced to life in prison on the burglary charge and thirty years in prison on the other two charges. All of the sentences were imposed consecutively, with twenty-year minimum mandatory provisions.

On appeal, Curtis raises four issues: (1) the trial court erred in limiting cross-examination of a key prosecution witness regarding bias against Curtis, (2) the trial court erred in denying his motion for mistrial after a law enforcement officer stated, more than once, that he was certain "beyond a reasonable doubt" that Curtis was a passenger in a truck pursued by law enforcement after the crime was reported to 911, (3) ineffective assistance of trial counsel in failing to properly investigate and move to suppress an identification of Curtis by a witness, and (4) ineffective assistance of trial counsel in failing to object to the lead

detective asserting his opinion of Curtis's guilt. We affirm, without discussion as to the first two issues. After a *de novo* review of the record, we also affirm as to both issues of ineffective assistance of counsel, and explain our reasoning.

"[A]n appellate court may review an ineffective assistance of counsel claim on direct appeal when the claimed ineffectiveness is apparent on the face of the record." *Kidd v. State*, 978 So. 2d 868, 869 (Fla. 4th DCA 2008). In considering the claim on direct appeal, an "appellate court must conduct a *de novo* review of the record to determine if a defendant's claim meets the deficiency and prejudice prongs of *Strickland* [*v. Washington*, 466 U.S. 668, 687 (1984)]." *Hills v. State*, 78 So. 3d 648, 652 (Fla. 4th DCA 2012). However, the *Strickland* standard does not require a finding that any deficient conduct "more likely than not altered the outcome"; a defendant need only establish a probability sufficient to undermine confidence in the outcome. *Porter v. McCollum*, 558 U.S. 30, 44 (2009) (quoting *Strickland*, 466 U.S. at 693-94).

We address the ineffective assistance of trial counsel issues sequentially.

*Failure to properly investigate and move to suppress an identification of Curtis by a witness*

The burglary, aggravated battery, and robbery offenses occurred during a nighttime home invasion robbery committed by one person wearing a mask entering a home and another person driving the invader to and from the home. Curtis was arrested later the same night as the home invader, following several hours of successfully fleeing and eluding arrest. A female was arrested several days later as the participant who drove Curtis to and from the home invaded.

The day after the incident, the gun used in the robbery was found behind a restaurant. Two or three days later, a detective interviewed a bartender who worked at the restaurant on the night of the incident. During the interview, the bartender remembered that, on the night of the robbery, a man and a woman were sitting at the bar, that each of them would go outside several times after receiving a call on their cell phones, and that a third man later joined them at the bar. As the bartender left work that night, he saw the three individuals in the parking lot.

A photo lineup, which included Curtis, was shown to the bartender during the interview, simply to confirm that Curtis was the man the bartender described who was initially sitting with the woman at the bar. At that point in the investigation, Curtis had already been arrested and

2

charged with the crimes, but law enforcement was uncertain of what roles the female codefendant and a possible third participant may have had in the crimes. The detective interviewed the bartender to see if Curtis and the female codefendant were at the restaurant after the robbery. The detective was interested in whether the bartender could place the female codefendant with Curtis shortly after the robbery, at a location near where the gun was found.

During his testimony at trial, the bartender described his interview at the restaurant by the detective. When asked by the State whether he was shown a photograph during the interview, the defense objected, asserting a discovery violation and claiming that the State had not turned over the photograph.

During a *Richardson*[1] hearing conducted the next day, the detective testified that he did not give the photo lineup, which included Curtis's picture, to the State because it was only used as a reference during the interview to point out Curtis to the bartender and confirm they were talking about the same person. The detective explained that the focus of the interview was on the female codefendant, and that the lineup was not used to ask an eyewitness to a crime to identify a perpetrator. Additionally, the State argued that it never intended to introduce the photo lineup into evidence. It further argued that the depositions of the detective and the bartender put defense counsel on notice that there was some kind of photograph shown to the bartender to see if he recognized a person. The trial court agreed with the State's argument that defense counsel was on notice of the photograph and reasoned that if defense counsel wanted to move to suppress the fact that the bartender was shown a photograph to see if he recognized the person in it and if Curtis was at the restaurant on the night of the incident, then defense counsel could have done so.

On appeal, Curtis acknowledges that the State was not obligated to provide a copy of the photograph in response to a discovery request because it was not seeking to admit the photograph into evidence. However, he argues that because defense counsel was put on notice during deposition that the bartender was shown a photograph, any reasonable attorney would have inquired as to what photograph was shown, and that such further inquiry would have revealed that a photo lineup was used. He also argues that the failure to investigate the photograph prejudiced him because it resulted in the further failure to file a motion to suppress the bartender's identification. Finally, Curtis argues that the failure to investigate also left trial counsel unprepared to address the identification

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

issue when the bartender was on the stand in front of the jury, since his testimony was concluded before the *Richardson* hearing. Curtis contends that the bartender's identification was the only evidence linking Curtis to the gun used during the robbery, since there were no surveillance cameras at the restaurant and no DNA evidence obtained from the gun.

Without addressing the deficiency of performance prong of *Strickland,* our review of the record leads us to determine that Curtis cannot sufficiently show the prejudice prong of *Strickland* can be met. Even if the defense had successfully moved to suppress the bartender's identification that Curtis was at the restaurant shortly after the incident, the State presented multiple witnesses to testify as to the identity of Curtis as a perpetrator of the robbery, including the victims, the officer who pursued the getaway truck, and the owner of the truck used to transport Curtis to and from the robbery. Additionally, our review of the record satisfies us that there is nothing to show a probability that a motion to suppress would have been granted.[2] Assuming, arguendo, that there was deficient performance by counsel for failure to investigate and to move to suppress the photo identification, Curtis has not established a probability that the deficiency was sufficient to undermine confidence in the outcome of the verdict. Thus, we determine that reversal on this issue is not warranted because Curtis has failed to meet the prejudice prong of *Strickland.*

*Failure to object to the lead detective asserting his opinion of Curtis's guilt*

Curtis asserts that there were three instances in which defense counsel asked questions that permitted the lead detective to express an opinion as to Curtis's guilt. We have examined the testimony and disagree with Curtis's arguments on this issue for two reasons. First, we do not agree that the responses were a direct expression of opinion as to guilt. The context of all three questions eliciting the responses involved whether the detective made a premature decision about the primary suspect, resulting in a failure to investigate leads thoroughly. The responses simply explained why the investigation focused on Curtis and why certain investigative steps were not taken. The lead detective never affirmatively stated that he knew Curtis was guilty, and the responses were, in essence, the officer's conclusion that there was probable cause to arrest him. Second, the questions posed certainly yield an inference that the defense attorney was attempting to establish that premature decisions were made

---

[2] For the same reason, there was no error in admitting the testimony about the bartender's identification of Curtis from a photo lineup, and no need for a harmless error analysis.

4

in the investigation, suggesting an inadequate investigation. Thus, facially, there appears to be a strategic reason for the questions, and the record does not affirmatively show deficient performance by trial counsel. *Owen v. State*, 986 So. 2d 534, 553 (Fla. 2008) ("Counsel is not ineffective for making a strategic decision to present evidence, even when in hindsight that decision opened the door to admission of evidence that is not entirely favorable to the defendant."). Thus, we determine that reversal on this issue is not warranted because Curtis has failed to demonstrate deficient performance by trial counsel.

*Affirmed.*

WARNER and MAY, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***