# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1373
Lower Tribunal Nos. F12-31964B, F13-14746

————————————

**Jaslen Michel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Jaslen Michel, in proper person.

Ashley Moody, Attorney General, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Jason Michel appeals the trial court's summary denial of his post-conviction motion alleging ineffective assistance of counsel pursuant to Fla. R. Crim. P. 3.850. We have jurisdiction. Fla. R. App. P. 9.141(b)(2). Michel asserts his counsel was ineffective for failing to file a motion to suppress the photo-lineup identification process used as unduly suggestive. As the record conclusively demonstrates there was no legal basis for filing such a motion, we affirm.

"In Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-prong test to be applied by courts in analyzing claims of ineffective assistance of counsel." Schwab v. State, 814 So. 2d 402, 408 (Fla. 2002). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" based on "prevailing professional norms." Strickland, 466 U.S. at 688. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We defer to the trial court's findings of fact as long as there is competent, substantial evidence supported by the record. See Stephens v. State, 748 So. 2d 1028, 1033–34 (Fla.1999). "[T]here is no reason for a court deciding an effective assistance claim . . . to address both components

2

of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. "[A] court need not determine whether counsel's performance was deficient before examining whether the alleged deficiency was prejudicial." Eutzy v. State, 536 So. 2d 1014, 1015 (Fla. 1989).

We start with the well-established premise that counsel cannot be deemed ineffective for failing to file a meritless motion. See Dickerson v. State, 285 So. 3d 353, 358 (Fla. 1st DCA 2019) ("Trial counsel cannot be held to have been ineffective for not making meritless motions."); Schoenwetter v. State, 46 So. 3d 535, 546 (Fla. 2010) ("[C]ounsel cannot be deemed ineffective for failing to make a meritless argument."). "In order to warrant exclusion of evidence of the identification, the identification procedure must have been so suggestive, and the witness' unassisted ability to make the identification so weak, that it may reasonably be said that the witness has lost or abandoned his or her mental image of the offender and has adopted the identity suggested." Baxter v. State, 355 So. 2d 1234, 1238 (Fla. 2d DCA 1978).

Here, the record conclusively establishes the officer showed the victim a six-photo lineup after having him read and acknowledge his understanding of a detailed form indicating the perpetrator may not be among the six

photos; that he is "not obligated to choose any of the photos;" that it "is just as important to clear innocent people from suspect prosecution, as it is to identify guilty parties;" that the victim "should not feel that [he] ha[s] to make an identification." The victim testified the lighting conditions were adequate, immediately identified Michel in the photo lineup, insisted he was certain when questioned, and testified that Michel's image while pointing the gun at his face has haunted him.

The record reveals no basis in law or in fact to argue suggestiveness or a likelihood of misidentification sufficient to exclude the identification. Accordingly, we find no error in the trial court's well-reasoned order citing to portions of the record and its conclusion that such a motion would be meritless. See Curtis v. State, 204 So. 3d 463, 466 (Fla. 4th DCA 2016) ("Assuming, arguendo, that there was deficient performance by counsel for failure to investigate and to move to suppress the photo identification, [the defendant] has not established a probability that the deficiency was sufficient to undermine confidence in the outcome of the verdict. Thus, we determine that reversal on this issue is not warranted because [the defendant] has failed to meet the prejudice prong of Strickland.").

Affirmed.

4